Samuel G. ROSENBERGER, Petitioner

v.

STATE EMPLOYEES' RETIREMENT
BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2005.
Decided Oct. 7, 2005.

David W. DeLuce, Lemoyne, for peti-
tioner.

Salvatore A. Darigo, Jr., Harrisburg, for
respondent.

BEFORE: COLINS, President Judge,
and FRIEDMAN, Judge, and
FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Samuel G. Rosenberger (Claimant) petitions for review of the November 15, 2004, order of the State Employees' Retirement Board (SERB), which denied Claimant's request to purchase State Employees Retirement System (SERS) credit for the period from September 6, 1985, to June 30, 1991. We affirm.

In August of 1985, Claimant was contacted by a former colleague about available work in the State Insurance Department's Office of Liquidations (Department). There was a freeze on civil service hiring at the time, but the Department needed someone like Claimant with experience in reinsurance accounting. Thus, the Department offered Claimant work which paid on an hourly basis. Claimant negotiated an hourly rate and began to work for the Department on September 6, 1985, without a written employment agreement. Claimant worked without health or life insurance benefits, without paid vacation time, without paid sick leave, without personal leave and without retirement benefits. Indeed, neither Claimant nor the Department paid retirement fund contributions into SERS. The Department instructed Claimant to bill his time as a consultant, and Claimant identified himself as such in his bills and correspondence. The Department could have terminated Claimant at any time, and Claimant could have quit at any time. (Findings of Fact, Nos. 1–5, 7, 10, 20–22, 24.[1])

Claimant reported to work at the Department's offices, sharing space with Department employees. Like the Department's regular employees, Claimant performed his duties from 8:30 a.m. to 5:00 p.m., and he was provided with a workstation, phone, computer, office supplies and secretarial support. Claimant had a supervisor who gave him assignments, and Claimant reported the status of his assignments to people who were state employees. Claimant could not hire anyone to assist him with his work. (Findings of Fact, Nos. 28–29, 31–35, 41.)

Claimant submitted his bill for consulting services on the same pay cycle as state employees. Claimant's bill listed his projects and the number of hours he worked on each project. Regular state employees also reported their time to the Department, but they did not identify specific projects. Claimant was permitted to work overtime, but he received his regular hourly rate for the extra hours. The Department did not deduct federal or social security taxes from Claimant's pay and reported Claimant's income on an IRS Form 1099. (Findings of Fact, Nos. 11–13, 15–16, 23–24, 29–30.)

Claimant did not receive a formal job description or employee class title until July of 1991, when the hiring freeze was lifted and a position became available that Claimant could fill. After Claimant was hired, the Department prepared a job description. Claimant's duties and responsibilities did not change, and Claimant received the same level of supervision. (Findings of Fact, Nos. 18, 47–50.)

On September 18, 2002, Claimant submitted a request to SERS to purchase credit for the service he rendered from

1. SERB did not make enumerated findings of fact and did not explicitly adopt the findings of the Hearing Examiner. However, SERB stated that it "concurs" in the conclusion of the Hearing Examiner based on the "totality of facts." (SERB op. at 6.) Thus, it appears to this court that SERB implicitly adopted the Hearing Examiner's findings of fact, and, absent any other specific findings of fact, we cite to the Hearing Examiner's findings in setting forth the facts of this case.

September 6, 1985, through June 30, 1991. SERS denied the request, and Claimant filed an appeal, which was denied. Subsequently, Claimant filed an administrative appeal with SERB, and a hearing was held before a Hearing Examiner. (Findings of Fact, Nos. 52–57.)

■ Initially, the Hearing Examiner recognized that a state employee may purchase credit for previous service rendered as a "state employee" but not for previous service rendered as an "independent contractor."[2] Based on the evidence presented, the Hearing Examiner determined that Claimant was an "independent contractor" from September 6, 1985, through June 30, 1991. Thus, the Hearing Examiner recommended that SERB deny Claimant's request to purchase retirement credit for that period of service. Claimant filed exceptions with SERB, which accepted the Hearing Examiner's recommendation and denied Claimant's request to purchase credit. Claimant now petitions this court for further review.[3]

■ Claimant argues that SERB erred in concluding that the service he rendered to the Department from September 6, 1985, through June 30, 1991, was service rendered as an "independent contractor" rather than service rendered as a "state employee." We disagree.

■ Ordinarily, in order to determine whether a person is an employee or independent contractor under the Retirement Code, courts consider the following factors: (1) control over the manner in which the work is to be done; (2) whether the one employed is responsible only for the result; (3) the terms of the agreement between the parties; (4) the nature of the work or occupation; (5) the skill required for performance of the work; (6) whether the one employed is engaged in a distinct occupation or business; (7) which party supplies the tools; (8) whether payment is by the time or by the job; (9) whether the work is part of the regular business of the employer; and (10) the right to terminate the employment at any time. *Shafer v. State Employes' Retirement Board,* 548 Pa. 320, 696 A.2d 1186 (1997). Each case must be determined on its own facts. *Id.*

In this particular case, the fact is that, on September 6, 1985, there was a hiring freeze which prevented the Department from hiring Claimant as an employee and from providing Claimant with retirement benefits. It is also a fact that Claimant was aware of the hiring freeze and its effects. Thus, Claimant knew that, because of the hiring freeze, he would not be entitled to state pension credit for the service he rendered to the Department. We have found no case where a claimant was given retirement credit based on his alleged "employee" status for service he rendered during a hiring freeze which he knew precluded *anyone* from obtaining "employee" status. Likewise, we have found no case where a claimant was given retirement credit for service he agreed to

---

2. *See* sections 5102 and 5303(b) of the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. §§ 5102 & 5303(b). Section 5303(b) of the Retirement Code allows an active member of SERS to purchase credit for previous "state service." 71 Pa.C.S. § 5303(b). Section 5102 of the Retirement Code defines "state service" as service rendered as a "state employee," but the definition of "state employee" excludes "independent contractors." 71 Pa.C.S. § 5102.

3. Our scope of review is limited to determining whether SERB committed an error of law, whether there has been a violation of constitutional rights, or whether the necessary findings of fact are supported by substantial evidence. *Shafer v. State Employees' Retirement Board,* 548 Pa. 320, 696 A.2d 1186 (1997).

render during a hiring freeze which he knew precluded **anyone** from receiving retirement credit. The hiring freeze makes this case unique. A freeze is a freeze. If **no one** could acquire employee status and receive retirement credit because of the freeze, then Claimant cannot do so here.[4]

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of October, 2005, the order of the State Employees' Retirement Board, dated November 15, 2004, is hereby affirmed.

---

**4.** Because, in this unique case, the existence of a hiring freeze is controlling, we do not reach the *Shafer* factors. However, we note that many of the *Shafer* factors would support a conclusion that Claimant worked as an employee for the Department.